## Case No. 9,038.

### In re MANNHEIM.

[6 Ben. 270: 7 West. Jur. 72; 7 N. B. R. 342; 5 Chi. Leg. News. 149; 5 Pac. Law Rep. 106; 4 Leg. Op. 529; 7 Alb. Law J. 13.] [1]

District Court, S. D. New York. Dec., 1872.

BANKRUPTCY—SUSPENSION OF COMMERCIAL PAPER —BONA FIDE DEFENCE.

M., who was a man of large property, refused to pay a note which he had made, being advised by counsel, and believing, that he had a valid defence against it. A suit was thereupon brought against him, in a state court, by the holder of the note; and, while that suit was pending, the holder of the note filed a petition against M. in involuntary bankruptcy, alleging that he had suspended payment of the note for fourteen days. Held, that the case was not a proper one for an adjudication of bankruptcy, and that the petition must be dismissed.

[In the matter of William Mannheim, an alleged bankrupt.]

S. D. Sewards, for petitioner.
J. D. Reymert, for debtor.

BLATCHFORD, District Judge. I do not think this is a proper case for an adjudication. The sole act of bankruptcy alleged is the suspension of payment, for fourteen days, of the promissory note held by the petitioner. It is shown that the alleged bankrupt is a man of large property; that he has not suspended payment of his debts and his commercial paper generally; that he is engaged in prosecuting a regular business wholly unconnected with the transactions in respect to which the note was given; that he failed to pay the note because he was advised by counsel, and believed, that he had a good defence to it, on the ground that he had never received any consideration for it, and that it was passed away by the payee in violation of the agreement under which it was given, and that the petitioner was not a bona fide holder of it for a valuable consideration without notice; and that a suit is now pending in the supreme court of New York against him, brought on the note, by the petitioner, before this proceeding was instituted, which suit is defended on the above grounds, and is at issue and ready for trial. Under these circumstances, the debtor cannot be said to have suspended payment of his commercial paper, within the meaning of the statute. It was not intended that such a person should be put into bankruptcy. It is not for this court to try the question of the actual liability of the debtor on the note, and adjudge that there was a suspension of payment of his commercial paper, if such liability existed. The proper forum for the determination of the question as to such lia-

1 [Reported by Robert D. Benedict, Esq., and here reprinted by permission. 7 Alb. Law J. 13, contains only a partial report.]

bility is the court in which the suit on the note is pending. The petition is dismissed, with costs.